NOT DESIGNATED FOR PUBLICATION

No. 120,712

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARC THOMAS ALLEN FUESTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed November 27, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Marc Thomas Allen Fueston appeals the sentence imposed upon his convictions for one count of aggravated indecent liberties with a child and one count of aggravated indecent solicitation of a child. He asserts lifetime registration is unconstitutional punishment.

We granted Fueston's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State did not file a response. After reviewing the record on appeal and finding no error, we affirm the district court's ruling.

1

FACTUAL AND PROCEDURAL HISTORY

As part of a plea agreement, Fueston pled no contest to one count of aggravated indecent liberties with a child and one count of aggravated indecent solicitation of a child. Prior to sentencing, Fueston filed a motion asserting that lifetime registration—which was required for his crimes under K.S.A. 2016 Supp. 22-4906(d)—is unconstitutional. The district court denied the motion and imposed consecutive sentences of 59 months on the aggravated indecent liberties with a child conviction and 32 months on the aggravated indecent solicitation conviction. The court ordered lifetime registration per the Kansas Offender Registration Act (KORA), more specifically K.S.A. 2016 Supp. 22-4906(d).

Fueston filed a timely notice of appeal.

ANALYSIS

Both in the district court and on appeal, Fueston argues that the district court erred in ordering him to register as a sex offender for life under KORA, asserting that lifetime registration is cruel and unusual punishment and, as such, violates the Eighth and Fourteenth Amendments to the United States Constitution and section 9 of the Kansas Constitution Bill of Rights. But in *State v. Petersen-Beard*, 304 Kan. 192, 208-09, 377 P.3d 1127 (2016), our Supreme Court held that KORA's lifetime registration for sexual offenders is not punishment under either the United States Constitution or the Kansas Constitution. The *Peterson-Beard* court specifically held that, since KORA registration is not punitive, lifetime registration does not violate the constitutional protections against cruel and unusual punishment. 304 Kan. at 208-09.

We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Accordingly, Fueston's claim fails.

Affirmed.